

FILED
SUPERIOR COURT
OF GUAM

2023 FEB 10 PM 4: 58

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JACQUELINE MARIE CEPEDA TUNCAP, | **Superior Court Case No. CV0497-22** |
| Plaintiff, | |
| vs. | **DECISION AND ORDER GRANTING MOTION TO DISMISS** |
| JOSHUA REY PEREDA, | |
| Defendant. | |

The Court considers Defendant Joshua Rey Pereda's Motion to Dismiss Plaintiff Jacqueline Marie Cepeda Tuncap's Complaint based on Guam Rule of Civil Procedure 12(b)(6). The Court determines that Tuncap has failed to sufficiently plead her claim and GRANTS Pereda's Motion to Dismiss. However, the Court also grants Tuncap leave to amend the Complaint.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Complaint alleges that Pereda committed fraud. It avers:

1. "Plaintiff and Defendant cohabitat[ed] and are the parents of two minor children." Compl. ¶ 4 (Sept. 19, 2022).

2. "Parties entered into an agreement whereby Plaintiff would join Defendant in the acquisition of a loan for construction of a residence" that "Defendant was the original fee simple owner of." *Id.* ¶¶ 5–6. "Parties obtained financing in both names." *Id.* ¶ 7.

3. "Plaintiff paid or caused to be paid the mortgage on said property for a period of time." *Id.* ¶ 8.

4. "Defendant issued a deed of gift to Plaintiff and himself and delivered" Plaintiff a copy.



*Id.* ¶ 9; *see also* Opp. Mot. Dismiss, Ex. A (Dec. 5, 2022).

5.  However, "Defendant failed and/or refused to file the subject Deed of Gift at the Government of Guam [D]epartment of Land Management[,] and Defendant subsequently refused to provide Plaintiff with the necessary Affidavits required" to file the deed. Compl. ¶¶ 10–11.

6.  "Defendant has promised the requested filing and[/]or Affidavits" and "promise[ed] to add Plaintiff…as an owner of the parcel." *Id.* ¶¶ 12–13. However, "Defendant has yet to convey a fee simple interest to Plaintiff." *Id.* ¶ 13.

Pereda moves to dismiss the Complaint and asserts that Tuncap failed to state a claim for which relief can be granted as to the fraud in the inducement and actual fraud claims. He claims that the Complaint merely made "vague allegations." Mot. Dismiss at 2 (Nov. 22, 2022). Tuncap opposes dismissal and alternately seeks leave to amend the Complaint.

## II.  ANALYSIS

### A. Dismissal is proper as Tuncap fails to sufficiently pleading fraud.

"A Rule 12(b)(6) motion tests the sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Guam law only requires a short and plain statement of the claim showing entitlement to relief." *Ukau v. Wang*, 2016 Guam 26 ¶ 52. However, "[f]raud claims are special matters that are subject to a heightened pleading standard." *Id.* ¶ 35. "In all averments of fraud [], the circumstances constituting fraud [] shall be stated with particularity. Malice, intent, knowledge, or other conditions of mind of a person may be averred generally." GRCP 9(b). Although a plaintiff is not required "to prove a claim of fraud at the pleading stage," they must set forth the "claim with sufficient detail to provide notice to defendants as to what particular fraudulent action is being alleged." *Ukau*, 2016 Guam ¶ 47. Finally, on a motion for

ORIGINAL

dismissal for failure to state a claim, the Court must "construe the pleadings in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 9 (quoting *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9).

On the issue of actual fraud, there are five elements: (1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damages. *Trans Pac. Exp. Co. v. Oka Towers Corp.*, 2000 Guam 3 ¶ 23. Based on the Complaint, there appear to be three potential instances to which Tuncap could be asserting fraud—the original agreement, the deed itself, and Pereda's subsequent assertions that he would file or assist in filing the deed. As it relates to the original agreement, Tuncap has failed to plead any facts satisfying the elements for fraud. No facts were pled regarding a misrepresentation as the only information related to the agreement included in the Complaint was that its purpose was to acquire a loan, something that occurred. The subsequent elements cannot be satisfied because they all relate to the misrepresentation, which was not pled in the Complaint.

Moving to fraud regarding the deed itself, Tuncap has not pled that the deed was a misrepresentation; instead, the issues regarding the deed instead stem from the ability to file it with the Department of Land Management. Additionally, no facts were presented that the deed of gift is false or that Pereda had knowledge of its falsity, and the remaining elements were not pled with particularity as required by 9(b).

Finally, as it relates to Pereda's subsequent assertions that he would file the deed, Tuncap has pled that Pereda made misrepresentations to her regarding his assistance, as that assistance was never provided. However, no facts were pled regarding Pereda's knowledge of the falsity of these statements.

ORIGINAL

Moreover, Tuncap has also failed to plead the remaining elements under the heightened pleading standard for fraud. Although some of these elements may be briefly addressed in the Complaint, none of them are pled with particularity.

Similarly, "[f]raud in the inducement is fraud occurring when a misrepresentation leads another to enter into a transaction with a false impression of risks, duties, or obligations involved." *Gov't of Guam v. Kim*, 2015 Guam 15 ¶ 42 (internal quotations omitted). "[F]raud in the inducement arises out of a separate and independent duty from the contract itself." *Id.* The only transaction mentioned in the Complaint was the agreement to acquire a loan to build a residence on the property. No facts were included in the Complaint to plead that Pereda made any misrepresentations in relation to this transaction.

**B. Tuncap may amend the Complaint.**

Having granted Pereda's Motion to Dismiss, the Court now turns to Tuncap's request for leave to amend. Based on the liberal standard for leave to amend in Guam Rule of Civil Procedure 15, the Court GRANTS Tuncap leave to amend.

## III.   CONCLUSION AND ORDER

Tuncap has failed to sufficiently state a claim for fraud. Therefore, the Court GRANTS Pereda's Motion to Dismiss. However, the Court also GRANTS Tuncap's request for leave to amend. An amended pleading must be filed within thirty days of this Decision and Order to be considered as timely.

SO ORDERED this 10th day of February 2023.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

ORIGINAL

Appearing Attorneys:

Gary W.F. Gumataotao, Esq., Law Offices of Gumataotao & Pole, P.C., for Plaintiff Jacqueline Marie Cepeda Tuncap

Rachel Taimanao-Ayuyu, Esq., Law Office of Rachel Taimanao-Ayuyu, for Defendant Joshua Rey Pereda

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:

Date: _____ Time: 2/10/23

Joseph Bamba, Jr.

Deputy Clerk, Superior Court of Guam

ORIGINAL